UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>ROBERTO MENDEZ-SANCHEZ,<br><br>Defendant/Petitioner. | CASE NO. CR06-425 MJP<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT |

THIS MATTER comes before the Court on Defendant's Motion to Reduce his Sentence Under the First Step Act. (Dkt. No. 1027.) Having reviewed the Motion, the Response (Dkt. No. 1031), and the related record, the Court DENIES Defendant's Motion.

**Background**

Following a jury trial, Defendant, Roberto Mendez-Sanchez was convicted of seven separate drug offenses, including (1) conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; (2) conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C.

| 1 | §§ 841(a)(1), 841(b)(1)(B), 846; (3) conspiracy to distribute 500 grams or more of cocaine, in
| 2 | violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846; (4) distribution of cocaine, in violation of
| 3 | 21 U.S.C. §§ 841(a) and 841(b)(1)(C), 18 U.S.C. § 2; (5) possession with intent to distribute 500
| 4 | grams or more of a mixture or substance containing methamphetamine in violation of
| 5 | §§ 841(a)(1), 841(b)(1)(A), 18 U.S.C. § 2; (6) possession of cocaine with intent to distribute, in
| 6 | violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), 18 U.S.C. § 2; and (7) distribution of between
| 7 | 5 and 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A),
| 8 | 18 U.S.C. § 2. (Dkt. Nos. 731, 784.) As part of its verdict, the jury made findings regarding the
| 9 | drug quantities involved. (Dkt. Nos. 731; 1031.)

The quantities of drugs charged in the indictment and found by the jury normally carry a statutory minimum prison term of 10 years. 21 U.S.C. § 841(b)(1)(A); (Dkt. No. 1031 at 2.) But in this case the Government filed a recidivist Enhanced Penalty Information based on Mr. Mendez-Sanchez's prior state conviction of conspiracy to deliver a controlled substance. (Dkt. No. 501.) This enhancement increased Mr. Sanchez-Mendoza's applicable mandatory minimum to at least 20 years. 21 U.S.C. § 841(b)(1)(A); (Dkt. No. 1031 at 2.)

Based on the total quantity of drugs involved in his offenses, Mr. Mendez-Sanchez's total offense level was 36, his criminal history category was II, and his sentencing range was 240-262 months. (Dkt. No. 1031 at 2 (citing PSR ¶ 2).) On February 7, 2008, the Court sentenced Mr. Mendez-Sanchez, imposing the mandatory minimum term of 240 months of imprisonment. (Dkt. Nos. 783, 784.) He now seeks a reduction in his sentence pursuant to Sections 401 or 404 of the First Step Act of 2018. (Dkt. No. 1027.)

**Discussion**

On December 21, 2018, Congress enacted the First Step Act of 2018, which implemented a number of sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018) ("First Step Act"). Mr. Mendez-Sanchez now asks the Court to reduce his sentence under Sections 401 or 404 of the Act. (Dkt. No. 1027 at 1.) Section 401 changes the definition of prior convictions that can subject a defendant to an increase in the penalty range. First Step Act § 401(a)(1). Section 404 makes retroactive the portions of the Fair Sentencing Act of 2010 that lowered the statutory penalties applicable to certain "covered offenses." First Step Act, § 404(b); Fair Sentencing Act of 2010, 21 U.S.C.A. §§ 841(a)(1), (b)(1) ("Fair Sentencing Act"). Neither section is applicable to Mr. Mendez-Sanchez's sentence in this case.

First, Mr. Mendez-Sanchez is not eligible for relief under Section 401 because the section cannot be applied retroactively in this case. Section 401 and "the amendments made by this section," apply retroactively to any offense that was committed before the date of enactment of the First Step Act only "if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 401(c); see also United States v. Wiseman, 932 F.3d 411, 417 (6th Cir. 2019) ("[T]he First Step Act is largely forward-looking and not retroactive."); United States v. Ruffin, 783 F. App'x 478, 483–84 (6th Cir. 2019) ("[T]his portion of the Act doesn't apply retroactively."); United States v. Sullivan, 781 F. App'x 553, 554 (7th Cir. 2019) ("We have held that this language does not apply to a defendant who was sentenced in a district court before December 21, 2018."). Because Mr. Mendez Sanchez was sentenced in 2008, (Dkt. Nos. 783, 784), he is not eligible for relief under Section 401.

Mr. Mendez-Sanchez is also not eligible for relief under Section 404. This Section states that the provisions of the First Step Act apply to "Covered Offenses," defined as a "violation of a

Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act, § 404(a). In order to reduce the disparity in sentences between cocaine offences and cocaine base ("crack cocaine") offenses, the Fair Sentencing Act of 2010 established new quantity thresholds that trigger statutory mandatory minimum and maximum penalties for crack cocaine offenses. Fair Sentencing Act of 2010, §§ 841(a)(1), (b)(1). But as the Government notes, Mr. Mendez Sanchez was not convicted of crack cocaine offenses, and thus the statutory penalties for his offenses were not "modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act, § 404(a); (Dkt. Nos. 783, 784, 1031 at 4.)

**Conclusion**

Because Section 401 of the First Step Act does not apply retroactively to Mr. Mendez-Sanchez's 2008 conviction and Section 404 does not apply to the specific drug offences for which he was convicted, the Court DENIES Mr. Mendez-Sanchez's Motion to Reduce his Sentence Under the First Step Act.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 27, 2020.

Marsha J. Pechman
United States District Judge