UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO MENDEZ-SANCHEZ,<br><br>Defendant. | CASE NO. CR06-425 MJP<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A) REDUCTION |

This matter comes before the Court on Defendant Roberto Mendez-Sanchez's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 1058.) Having reviewed the Motion and supporting materials (medical records and proposed release plan), Plaintiff's Opposition and supporting materials (Dkt. Nos. 1060, 1062), the Memorandum from the Department of Probation and Pretrial Services (Dkt. No. 1063), and the relevant portions of the record, the Court DENIES the Motion.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A) REDUCTION - 1

**BACKGROUND**

In 2007 a jury found Mendez-Sanchez guilty of conspiracy to distribute methamphetamine, heroin, and cocaine, distribution of cocaine and methamphetamine, and possession with intent to distribute methamphetamine and cocaine. Mendez-Sanchez received the statutory mandatory minimum sentence of 20 years, with ten years of supervised release. Mendez-Sanchez is currently serving his sentence at FCI Three Rivers with a release date of March 7, 2024. Mendez-Sanchez has previously been deported and an immigration detainer remains pending against him.

Mendez-Sanchez seeks early release from custody, noting that he has served over 50% of his sentence and is traumatized from the Covid-19 pandemic as it impacted him at FCI Three Rivers. He states that he has been without water, heat, and air conditioning at times and has been forced to drink "bad water because food service did not want to give us water bottles during the water outages and storms during winter." (Mot. at 5 (Dkt. No. 1058 at 5).) Mendez-Sanchez states that he was infected by Covid-19, though he has not provided evidence of the infection. The medical records show that he received his second dose of the Pfizer Covid-19 vaccine on April 20, 2021. Mendez-Sanchez suffers from some ongoing medical conditions, but none appears to be severe.

**ANALYSIS**

**A.    Legal Standard**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress enacted 18 U.S.C. § 3582(c)(1)(A) to provide an exception to this rule, allowing sentence reductions for "extraordinary and compelling reasons." See United States v. Aruda, 993

F.3d 797, 799 (9th Cir. 2021). "[A]s part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed." Id. A previously imposed sentence may be reduced under the First Step Act if the inmate has: (1) exhausted administrative remedies; and (2) presented extraordinary and compelling reasons for a sentence reduction. 18 U.S.C § 3582(c)(1)(A). Before granting such a request, the Court must also "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C § 3582(c)(1)(A). But the Ninth Circuit has concluded that the existing Sentencing Commission's Policy Statement is not binding on the Court's review of a motion for compassionate release filed by a defendant. Aruda, 993 F.3d at 802.

**B.     No Extraordinary or Compelling Circumstances**

Although Mendez-Sanchez has exhausted his administrative remedies as required under the First Step Act, he has not demonstrated extraordinary and compelling circumstances justifying a sentence reduction. The Court acknowledges Mendez-Sanchez's concerns about his living conditions at FCI Three Rivers and the impact Covid-19 has had on his ability to provide self-care, including his apparent, though undocumented Covid-19 infection. But Mendez-Sanchez has now been fully vaccinated and has presented no evidence of any serious or terminal illness that cannot be managed or treated in custody. And while the Court acknowledges that Mendez-Sanchez states he has been traumatized by the pandemic, that alone does not justify early release and is not unique to his present circumstances. The Court finds an absence of extraordinary or compelling reason that might justify early termination. The Court therefore DENIES the Motion.

## CONCLUSION

Mendez-Sanchez has not demonstrated extraordinary or compelling reasons that would qualify him for early release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The Court therefore DENIES the Motion.

The clerk is ordered to provide copies of this order to Defendant and all counsel.

Dated July 13, 2021.

Marsha J. Pechman
United States Senior District Judge